## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x

GOLDMAN, SACHS & CO.,                               :

                          Plaintiff,        :

                                 :   Case No. 12-CV-4558
v.                                                  :   Hon. Richard J. Sullivan

                                 :

GOLDEN EMPIRE SCHOOLS                                :
FINANCING AUTHORITY AND                             :
KERN HIGH SCHOOL DISTRICT,                          :

                                 :

                    Defendants.       :

----------------------------------------------------------- x

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Golden Empire Schools Financing Authority and Kern High School District (collectively, "Golden Empire") answers the Complaint of Goldman, Sachs & Co. ("Goldman"), respectfully as follows:

Golden Empire denies each and every allegation made therein, unless expressly hereinafter admitted, and further answers each numbered paragraph as follows:

1.      Golden Empire admits that it filed the Statement of Claim in FINRA Arbitration attached to the Complaint as Exhibit 1. The remainder of this paragraph purports to describe the Statement of Claim, but that document speaks for itself. Therefore, the allegations are denied as stated. The allegations of the last sentence of the paragraph are denied.

2.      Denied.

3.      This paragraph purports to paraphrase various agreements between the parties, but those documents speak for themselves. Therefore, those allegations are denied as stated. The allegations of the first and last sentences of the paragraph are denied.

4.      Denied for lack of information sufficient to form a belief therein.

5.      Defendant Golden Empire Schools Financing Authority admits that it is a public financing authority located in Bakersfield, California.   The rest of the allegations of this paragraph are denied as stated.

6.      Admitted.

7.      Admitted.

8.      This paragraph purports to describe the instant action, and thus no response is required.

9.      Admitted.

10.     This paragraph calls for a legal conclusion, and thus no response is required.

11.     The first sentence of this paragraph purports to paraphrase the Broker-Dealer Agreement, but those documents speak for themselves.   Accordingly, the allegations are denied as stated.   Golden Empire admits that it executed Agreements with Goldman, but otherwise, the second sentence of this paragraph is denied.

12.     Golden Empire admits that it executed Agreements with Goldman, but otherwise, the first sentence of this paragraph is denied.   The second sentence of this paragraph purports to paraphrase the Broker-Dealer Agreements, but those documents speak for themselves. Accordingly, the allegations are denied as stated.

13.     Golden Empire admits that it issued approximately $95 million in the form of ARS in July 2004 and that it hired Goldman to serve as underwriter and broker-dealer for the ARS. Golden Empire admits that it was advised by Dale Scott and represented by Jones Hall in connection with the bond transaction. The remainder of the paragraph purports to paraphrase the 2004 Underwriter Agreement with Goldman, but that document speaks for itself. Therefore, the remaining allegations of this paragraph are denied as stated.

14.     Golden Empire admits that it signed the 2004 Broker-Dealer Agreement with Goldman. Golden Empire admits that it was advised by Dale Scott and represented by Jones Hall in connection with the bond transaction.   The remainder of the paragraph purports to paraphrase the 2004 Broker-Dealer Agreement with Goldman, but that document speaks for itself. Therefore, the remaining allegations of this paragraph are denied as stated.

15.     This paragraph purports to paraphrase and quote the 2004 Broker-Dealer Agreement. That Agreement speaks for itself.   Therefore, the allegations of this paragraph are denied as stated.

16.     This paragraph purports to paraphrase the 2004 Underwriter Agreement. That Agreement speaks for itself. Therefore, the allegations of this paragraph are denied as stated.

17.     Golden Empire admits that it signed the 2004 Underwriter Agreement and the 2004 Broker-Dealer Agreement with Goldman. The remaining allegations of this paragraph are denied as stated.

18.     This paragraph purports to paraphrase and quote the 2004 Broker-Dealer Agreement. That Agreement speaks for itself. Therefore, the allegations of this paragraph are denied as stated.

19.     Admitted.

20.     Golden Empire admits it employed a financial advisor and legal counsel in connection with the 2006 transaction.   The remainder of this paragraph purports to paraphrase the 2006 Underwriter Agreement with Goldman, but that document speaks for itself. Therefore, the remaining allegations of this paragraph are denied as stated.

21.     This paragraph purports to quote and paraphrase the 2006 Broker-Dealer Agreement with Goldman, but that document speaks for itself. Therefore, the allegations of this paragraph are denied as stated.

22.     This paragraph purports to paraphrase the 2006 Underwriter Agreement, but that document speaks for itself. Therefore, the allegations of this paragraph are denied as stated.

23.     Golden Empire admits that it signed the 2006 Underwriter Agreement and the 2006 Broker-Dealer Agreement with Goldman. The remaining allegations of this paragraph are denied as stated.

24.     This paragraph purports to paraphrase and quote the 2006 Broker-Dealer Agreement with Goldman, but that document speaks for itself. Therefore, the allegations of this paragraph are denied.

25.     Admitted.

26.     Golden Empire admits that it signed the 2007 Underwriter Agreement and the 2007 Broker-Dealer Agreement as part of this transaction. Golden Empire admits it employed a financial advisor and legal counsel in connection with the 2007 transaction.

27.     This paragraph purports to quote and paraphrase the 2007 Broker-Dealer Agreement with Goldman, but that document speaks for itself. Therefore, the allegations of this paragraph are denied.

28.     This paragraph purports to paraphrase the 2007 Underwriter Agreement, but that document speaks for itself. Therefore, the remaining allegations of this paragraph are denied as stated.

29.     Golden Empire admits that it signed the 2007 Underwriter Agreement and the 2007 Broker-Dealer Agreement with Goldman. The remaining allegations of this paragraph are denied as stated.

30.     This paragraph purports to paraphrase and quote the 2007 Broker-Dealer Agreement with Goldman, but that document speaks for itself. Therefore, the allegations of this paragraph are denied.

31.     Golden Empire admits that it filed a Statement of Claim with FINRA against Goldman on February 11, 2012. Golden Empire denies the allegations regarding FINRA's notice for lack of information sufficient to form a belief therein. The remaining allegations of this paragraph are denied.

32.     Admitted.

33.     Admitted.

34.     Denied.

35.     No response required.

36.     No response required. To the extent a response is required, Golden Empire repeats and realleges its answers to paragraphs 1 through 35 as though fully set forth herein.

37.     Denied

38.     This paragraph contains a legal conclusion, which does not require a response.

39.     This paragraph contains a legal conclusion, which does not require a response. To the extent a response is required, the allegations are denied.

40.     Denied.

41.     Denied.

42.     No response required.  To the extent a response is required, Golden Empire repeats and realleges its answers to paragraphs 1 through 41 as though fully set forth herein.

43.     Admitted.

44.     This paragraph contains a legal conclusion, which does not require a response. To the extent a response is required, the allegations are denied.

45.     Denied.

46.     Denied.

Each of the allegations of the Prayer for Relief is denied.

## AFFIRMATIVE DEFENSES

Golden Empire asserts the following affirmative defenses:

1.  Waiver of Objection to Arbitration.  Goldman is currently participating in a FINRA arbitration brought by another ARS issuer pursuant to FINRA Rule 12200 without any formal attempts to resist arbitration.  Accordingly, Goldman has waived any objection to arbitration of claims brought by ARS issuers.

2.  Failure to Arbitrate.  The claim at issue in this litigation regarding whether Golden Empire has waived its right to FINRA arbitration through the execution of the Broker/Dealer Agreement is subject to arbitration pursuant to FINRA Rule 12200.

July 23, 2012                              Respectfully submitted,

                                           /s/ James L. Kauffman

                                           Peter Mougey, *Pro hac vice*
                                           James L. Kauffman, *Pro hac vice*
                                           LEVIN, PAPANTONIO, THOMAS, MITCHELL,
                                             RAFFERTY & PROCTOR, P.A.
                                           316 S. Baylen Street, Suite 600

Pensacola, FL  32502
Office:  (850) 435-7147
Fax:     (850) 436-6147
pmougey@levinlaw.com
jkauffman@levinlaw.com

James R. Swanson, *Pro hac vice*
Joseph C. Peiffer, *Pro hac vice*
Jason W. Burge, *Pro hac vice*
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170-4600
Office:  504/586-5252
F:  504/586-5250
jswanson@fishmanhaygood.com
jpeiffer@fishmanhaygood.com
jburge@fishmanhaygood.com

Kevin Madonna (Bar No. 2981181)
KENNEDY & MADONNA, LLP
48 Dewitt Mills Road
Hurley, NY 12443
Office: (845) 481-2622
Fax: (845) 230-3111
kmadonna@kennedymadonna.com

*Counsel for Golden Empire Schools Financing
Authority and Kern High School District*

## Certificate of Service

I hereby certify that on July 23, 2012, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

David Harold Braff
Matthew Alexander Schwartz
Andrew Hunter Reynard
SULLIVAN & CROMWELL, LLP
125 Broad Street
New York, NY 10004
Office: (212) 558-7909
Fax: (212)-291-9463

*Counsel for Goldman, Sachs & Co.*

By: */s/ James L. Kauffman*
James L. Kauffman, *Pro hac vice*
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
    RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Office:  (850) 435-7147
Fax:    (850) 436-6147
jkauffman@levinlaw.com

*Counsel for Golden Empire Schools Financing Authority and Kern High School District*

8